FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 09 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AARON PARKER,

      Plaintiff,

  -against-

ROCKLAND COUNTY JAIL OF ROCKLAND
COUNTY, et al.,

      Defendants.
----------------------------------------------------------X

MEMORANDUM & ORDER
16-CV-4985(JFB)(GRB)

BIANCO, District Judge:

 Incarcerated *pro se* plaintiff, Aaron Parker ("plaintiff"), brings this *in forma pauperis* action pursuant to 42 U.S.C. §1983 ("Section 1983") against the Rockland County Jail of Rockland County, the Chief of Administrative Staff Sheriff Louis Falco III, Chief Anthony Volpe, Undersheriff Mary T. Barbera, Undersheriff Robert Vancura, Medical Staff of Rockland County Jail, Sgt. Marzella, Sgt. Falco IIII [sic], Sgt. Hickey, Officer Jackson, and Officer Jay Moore (collectively, "defendants"). Plaintiff is currently incarcerated at the Rockland County Jail.

 Under the general venue provision:

> [a] civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the events giving rise to plaintiff's claims are alleged to have occurred at the Rockland County Jail located in New City, New York. New City is located in Rockland County and Rockland County is within the Southern District of New York. *See* 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Southern District of New

York.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where plaintiff does not reside in the chosen forum and the operative facts did not occur there. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In this case, based on the totality of circumstances, it is in the interest of justice to transfer this action under § 1404(a) to the United States District Court for the Southern District of New York. Specifically, there appears to be no connection whatsoever in this lawsuit to the Eastern District of New York. Instead, the events giving rise to his alleged claims have taken place during plaintiff's confinement in the Southern District of New York.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York under Section 1404(a). The Court makes no determination with regard to plaintiff's *in forma pauperis* application and that motion is reserved for the transferee court. The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of

any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco, U.S.D.J.

Dated:   September 9, 2016
         Central Islip, NY